## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BUILDING AND CONSTRUCTION LABORERS LOCAL UNION NO. 310, | ) ) ) | Case No. 1:09-CV-1825 |
| | ) | JUDGE JAMES S. GWIN |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **MEMORANDUM IN SUPPORT OF UNIVERSITY HOSPITALS HEALTH SYSTEM, INC.'S UNOPPOSED MOTION TO INTERVENE** |
| ROMA DESIGN, | ) ) | |
| Defendant. | ) ) | |

## I.    INTRODUCTION

On July 24, 2009, Plaintiff Building & Construction Laborers Local Union No. 310 ("Local 310") filed a Verified Complaint for Immediate Judicial and Injunctive Relief against Defendant Roma Design  (the "Complaint"), along with a Motion for Temporary Restraining Order, Preliminary Injunction and Immediate Judicial Relief (the "Motion for TRO").  In the Motion for TRO, Local 310 asks that the Court order, *inter alia*:

> That [D]efendant Roma [Design] be temporarily restrained and preliminarily enjoined from performing construction work at the UH covered projects except in compliance with the [Project Labor] Agreement, including Paragraph 19 of the [Project Labor] Agreement, which requires [D]efendant to become signatory to and to comply with the Trade Agreement of [P]laintiff . . . .

(TRO p. 1.)

The project labor agreement (the "PLA"), on which Local 310's request for injunctive and judicial relief is wholly founded, is an agreement:

> executed by and between University Hospitals Health System, Inc. ("UH[HS]") and the Cleveland Building and Construction Trades Council ("Council") . . . and applicable to various construction project of UH[HS], including the UH Cancer Hospital, Center for Emergency Medicine, New Parking Garage, Oxygen Farm Replacement, Service Buildings, Dorms, and other Demolition Projects[.]  [T]he

Agreement, by its express terms, was incorporated into and made part of all construction contracts issued to contracts for work at the UH[HS] projects.

(Complaint ¶¶ 3, 4, Ex. 1.)  Specifically, Local 310 seeks relief pursuant to Paragraph 19 of the PLA, which it alleges compels Roma Design ("Roma") to become a signatory to Plaintiff's relevant Trade Agreement.  (Complaint ¶ 6.)

Without a detailed discussion related to the merits of this matter, UHHS disagrees with Local 310's interpretation of the PLA.  Because Local 310's requested relief imperils UHHS's construction activities by hampering not only Roma, but potentially many other contractors working on UHHS-owned construction projects, UHHS must be allowed to intervene in the instant action to properly protect its interests.  Counsel for both parties have been advised of UHHS's desire to intervene and both parties have communicated the fact that they do not oppose this motion.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 24(a) mandates that any person or entity may intervene in an action as a matter of right, provided that, as here, the intervening party satisfies certain requirements.  Specifically, Rule 24(a) provides, in pertinent part, that:

> (a)  On timely motion, the court must permit anyone to intervene who:
>
> * * *
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

In general, "Rule 24 is broadly construed in favor of potential intervenors."  *Purnell v. City of Akron*  925 F.2d 941, 950 (6th Cir. 1991); *see also* Wright, Miller & Kane, 7C Fed. Prac.

2

& Proc. § 1904 (2009) ("It frequently has been said of Rule 24, as it is of the Civil Rules generally, that it is to be given a liberal construction.").

Parties must establish the following four requirements to intervene in an action as a matter of right:  (1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest.  *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999).

Because UHHS has met all the prerequisites to intervention found in Rule 24(a) of the Federal Rules of Civil Procedure, the four factors enumerated above weigh in favor of UHHS's intervention in this matter, and neither of the current parties' objects to UHHS's intervention in this matter the Court should grant UHHS's Motion to Intervene and allow it to protect its substantial interest in the outcome of these proceedings.

A.      **This Motion is Timely.**

The determination of whether a motion to intervene is timely "should be evaluated in the context of all relevant circumstances."  *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). To the end, the Sixth Circuit has articulated the following factors that should be considered in assessing timeliness:

(1)      the point to which the suit has progressed;

(2)      the purpose for which intervention is sought;

(3)      the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case;

(4)      the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and

(5)     the existence of unusual circumstances militating against or in favor of intervention.

*Id.*

Based on these factors, UHHS's Motion is timely.  Plaintiff's Complaint and TRO were filed on July 24, 2009, and, to date, Defendant has not filed an answer and has just removed the case to this Court on August 5, 2009.  Therefore, neither Plaintiff nor Defendant would be prejudiced by UHHS's intervention in this matter, as it is only in its nascent stages, and UHHS has only known of the existence of Plaintiff's Complaint and TRO's threat to its interests for a short period of time.  Moreover, as shown more fully below, the purpose of UHHS's intervention is solely the protection of its interests and not the prejudice and/or harassment of any party.  Finally, no unusual circumstances exist which militate against UHHS's intervention in this matter.  Based on the existence of these factors, this Motion is timely.

### B.     UHHS Has an Interest in the Property and/or Transaction That is the Subject of the Action.

The Sixth Circuit has adopted a "rather expansive notion of the interest sufficient to invoke intervention of right." *Mich. St. AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (reversing district court's decision denying a Chamber of Commerce leave to intervene in a labor dispute and vacating part of an injunction entered without its participation).

This instant action is based upon construction currently taking place on property owned by UHHS.  (*See* Complaint.)  Moreover, Plaintiff's Local 310 claim the right to judicial relief based upon a paragraph contained in the Project Labor Agreement (the "PLA") between UHHS and the Cleveland Building and Construction Trades Council (the "Council"), an agreement which governs Union-related construction on UHHS various construction projects.  (Complaint

at Ex. 1.)  Finally, the defendant in this case is a contractor working on one such UHHS-owned property and the plaintiff is a member union of the Council.

Based solely on the face of the Complaint, UHHS's interests not only permeate this matter but form the entire foundation of it.  Therefore, because this action is entirely based upon property and/or an agreement to which UHHS has a substantial interest, it should be allowed to intervene as of right.

### C.    UHHS is So Situated That the Disposition of this Action May Impair or Impede Its Ability to Protect That Interest.

UHHS's interests in intervention are the expeditious continuation of work on its numerous construction projects and the correct and bargained-for interpretation of the PLA governing those construction projects.  To this end, the work stoppage and/or obstruction of work sought by Local 310 in its Complaint and TRO, even from a single contractor, will result in significant losses to UHHS in time, money, and goodwill and could expose UHHS to potential litigation as a result.

Therefore, it is necessary that UHHS be allowed to intervene in this case to properly protect its interests.

### D.    UHHS's Interests Are Not Adequately Represented By The Existing Parties.

Prospective "intervenors need only show that there is a *potential* for inadequate representation."  *Grutter*, 188 F.3d at 400 (emphasis in original).  As stated Subsection B, UHHS's interests include the preservation and continuance of the work on all of its construction projects governed the PLA and its bargained-for interpretation of the PLA.  Conversely, the current parties' interests are smaller in scope and only tangentially related to UHHS's interests. Namely, the current parties to this action are concerned only with the ramifications of Roma's

having to become a signatory to Local 310's relevant Trade Agreement and the benefits and burdens flowing to each as a result.

However, this action has ramifications far beyond the current parties.  Specifically, in addition to Roma, UHHS has myriad contractors currently working on its construction projects in various trades at multiple locations.  As Plaintiff's interpretation of the PLA has the potential to cause rampant litigation and work stoppages among those other contractors, Roma's defense of this action cannot embrace the overall scope of the threat to UHHS's interest in the expedient completion of its various construction projects and the costs associated therewith.

Therefore, because the current parties' interests in this matter cover only a fraction of UHHS's interests in this matter, UHHS must be allowed to intervene to protect those interests.

## III.  **CONCLUSION**

Based on the foregoing, this Court should enter an Order allowing UHHS to intervene in the instant action.

Respectfully submitted,

/s/David A. Campbell
David A. Campbell  (0066494)
Charles F. Billington III  (0083143)
Elizabeth A. Davis (0082186)
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio  44114-1724
Phone (216) 479-6100
Fax: (216) 479-6060
dacampbell@vorys.com
cfbillington@vorys.com
eadavis@vorys.com

*Attorneys for Intervenor University Hospitals Health System, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system

and through regular U.S. Mail to the following:

Susan Gragel
Goldsten Gragel LLC
526 Superior Avenue
Cleveland, Ohio 44114

*Attorney for Plaintiff*

Keith E. Blaha
304 Plaza West Building
20220 Center Ridge Road
Rocky River, Ohio 44116

*Attorney for Defendant*

/s/ David A. Campbell
*One of the Attorneys for Intervenor*